———o+o———

## DAVENPORT'S HEIRS vs. FORTIER & AL.

APPEAL from the court of the third district.

In suits in which several persons are interested as defendants, they must all appear and answer, in the parish in which the land lies; even when neither of them resides there.

MATTHEWS, J. delivered the opinion of the court. In this case, the plaintiffs claim from the defendant, $4033, which sum they allege, is due to them as the first instalment of the price certain property which belonged to their ancestor, situated in the parish of East Baton Rouge, and was regularly sold by the judge of probates of said parish, and a mortgage thereon retained to secure the price, &c. The answer contains, among other matters, a plea to the jurisdiction of the district court, holden for East Baton Rouge, on the ground of the defendants having their domicils in other parishes, than that in which the suit was commenced. This plea being sustained by the court below, the plaintiffs appealed.

East'n District.
*April*, 1824.

DAVENPORT'S
HEIRS
*vs.*
FORTIER & AL.

In the judgment of the district court, no reasons are adduced, or laws cited, in support of the refusal to hold cognizance of the cause. The general rule of law, as established by the act of 1814, secures to defendants the right of being sued only in the parish in which they habitually reside. 2 *Martin's Digest*, 204.

But to this rule, an exception is introduced by legislative authority, which is found in the acts of the Legislature of 1817, page 28, art. 6; wherein it is enacteted, "that in real actions, where there are two or more persons concerned, and residing in several districts, in matter of partition, mortgage, or revendication of property, the judge of the place where the property is situated, shall have cognizance of the case, &c."

According to the alllegations of the petition, the present is an action of mortgage, and whether it be technically, real, or mixed, it is explicitly provided by law, that the persons, who are interested, being two in number, and residing in different districts, must on regular citation, appear and answer to the suit, in the place where the property in dispute is situated. There is nothing in the phraseology

East'n District.
*April*, 1824.

DAVENPORT'S
HEIRS
*vs.*
FORTIER & AL.
of this section, which can confine its operation to cases where one of the persons concerned, resides in the place where the mortgaged property is situated. If they reside in other districts, the cognizance of the cause is drawn to that in which the property is situated. Although this law appears somewhat contrary to the axiom that accessories follow their principals, considering the obligation arising from an hypothecation, as secondary to that which is created by the promise to pay; still it is law, positive—and ought to be obeyed.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and that the cause be remanded to said court, with instructions to the judge to take cognizance of the case, and proceed therein according to law, and that the appellees pay the costs of this appeal.

*Preston* for the plaintiffs, *L. Duncan* for the defendants.